

| | **State of New Jersey** | |
|---|---|---|
| Philip D. Murphy<br>*Governor* | Office of the Attorney General<br>Department of Law and Public Safety<br>Division of Law<br>25 Market Street<br>PO Box 116<br>Trenton, NJ 08625-0116 | Gurbir S. Grewal<br>*Attorney General* |
| Sheila Y. Oliver<br>*Lt. Governor* | | Michelle L. Miller<br>*Director* |

July 30, 2020

**<u>Via CM/ECF</u>**
Hon. Claire C. Cecchi, U.S.D.J.
United States District Court
50 Walnut Street
Newark, NJ 07012

    Re:   *Rev. Kevin Robinson & Rabbi Yisrael A. Knopfler v. Philip D. Murphy & Col. Patrick J. Callahan*
            Civil Action No. 2:20-cv-5420-CCC-ESK
            <u>Request to Reset Defendants' Deadline to Respond to Plaintiffs'
            "Renewed" Motion for Preliminary Relief/Motion for Leave to
            File Third Amended Complaint (Dkt. 55) to **August 17, 2020**</u>

Dear Judge Cecchi:

      This office presently represents Defendants Phil Murphy and Patrick J. Callahan. Defendants' response to Plaintiffs' second motion for preliminary injunctive relief/motion for leave to file a Third Amended Complaint (Dkt. 55) would be due on August 3, 2020. On July 28, Defendants submitted a letter, under Local Civil Rule 7.1(d)(5), requesting a 14-day extension of time. (Dkt. 61). Despite the automatic nature of that extension, Plaintiffs filed a letter objecting to it. (Dkt. 62). The Court has not yet granted or denied this request on the docket. Because the August 3 deadline approaches, and to ensure that their request has been properly submitted, Defendants follow up to respectfully request a two-week adjournment of their deadline to respond to Plaintiffs' motions (Dkt. 55).

      Plaintiffs, over the course of three months, have already filed three complaints and now seek leave to file a fourth. Two months into litigation, they approached



Hughes Justice Complex • Telephone: (609) 376-2776 • Fax: (609) 633-7434
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

July 30, 2020<br>Page 2

Defendants about waiving service of the complaint (Dkt. 49-50)—which pushed Defendants' deadline to respond out 60 days instead of the usual 21 days. Other than as part of *jointly* proposed amended scheduling orders (which were needed in order to permit *Plaintiffs* additional time to file their first and second amended complaints, and then to file their first and second supplemental briefs supporting the first motion for preliminary relief, Dkts. 6-11, 16-22), Defendants have made no prior requests for extension of any of their own deadlines. They had one deadline to meet so far—their response to Plaintiffs' first motion for preliminary relief—which they timely met (Dkt. 25).

As such, it is hard to follow Plaintiffs' assertion in their July 29 letter that "Defendants have repeatedly delayed the proceedings in this case." (Dkt. 62). It is especially hard given that:

    (1) several of Plaintiffs' arguments in their second motion for preliminary relief appear to be rehashes of those they already raised in their opening/reply briefs and multiple supplemental briefs for the first motion, or in previously filed notices of supplemental authority (all of this underscored by the fact that Plaintiffs label this new motion as a "renewed" motion);

    (2) Plaintiffs' "new" claim regarding face coverings came after considerable delay, considering that such has been a requirement for their outdoor gatherings beginning with Executive Order 148, which went into effect on May 22, and as Plaintiffs even acknowledge (*see* Dkt. 57 at p.14) for their indoor gatherings beginning with Executive Order 152 (June 9); and

    (3) what Plaintiffs highlight as the basis for "emergent equitable relief"—the prospective reopening of schools in September (Dkt. 62)—among other things fails to demonstrate how Defendants' requested opposition deadline of August 17 does not accommodate that timeframe.

And yet, after opposing Defendants' request for an automatic 14-day extension because they cannot "reasonably wait" (Dkt. 62), Plaintiffs, without advance leave or notice, and without explanation, and six days after filing their motion and only five days before they argue Defendants' opposition must be due, filed an additional affidavit by a purported medical expert. (Dkt. 63).

Defendants certainly appreciate the important constitutional issues at stake, just as they do the stakes for the health and safety of New Jerseyans. That is why

July 30, 2020
Page 3

they have consented and/or did not object to all of Plaintiffs' own requests for leave to adjourn or to file supplemental briefs, and why they do not object now to Plaintiffs' late submission of additional evidentiary material. They only ask for a brief adjournment to allow them not only to review this new material, but to be able to give this Court a comprehensive response to all issues—new or old—raised by Plaintiffs in this new motion.[1]

Therefore, Defendants' respectfully request that they be permitted to respond to Plaintiffs' motions (Dkt. 55) by no later than **August 17, 2020**.

Thank you for the Court's consideration of this matter.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Daniel M. Vannella
 Daniel M. Vannella (0159222007)
 Assistant Attorney General

cc:  All counsel of record

SO ORDERED

  *s/Claire C. Cecchi*
Claire C. Cecchi, U.S.D.J.

Date:  8/7/2020

---

[1] In addition, the undersigned, as well as the other attorneys working on the briefs in this matter, have been and continue to be involved with other emergent COVID-19 matters before this District. *E.g.*, *Nat'l Ass'n of Theatre Owners v. Murphy*, 20-8298 (BRM); *Clark v. Murphy*, 20-6805 (RMB). As to the latter, Judge Bumb held oral argument earlier this week on another present challenge to New Jersey's indoor gatherings limits by analogous religious organizations.